SCOTT E. BRADFORD, OSB #062824
United States Attorney
District of Oregon
**WILLIAM M. NARUS, CASB #243633**
First Assistant United States Attorney
William.Narus@usdoj.gov
1000 SW Third Avenue, Suite 600
Portland, Oregon 97204-2902
Telephone: (503) 727-1000
Attorneys for United States of America

**IN THE UNITED STATES DISTRICT COURT**

**DISTRICT OF OREGON**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **3:25-cr-00420-MO** |
| **v.** | **GOVERNMENT'S SENTENCING MEMORANDUM** |
| **MICHAEL JOHN PETERS,** | |
| **Defendant.** | |

Defendant Michael John Peters stole hundreds of pieces of mail from residential buildings in the Portland area. He used some of the stolen mail to steal identities which he then used to try to steal money from financial institutions. His selfish conduct harmed Oregonians and caused anxiety and frustration for those who never received letters from loved ones, financial records, or identity documents. This follows two prior convictions in Hawaii and California for similar conduct. The United States recommends that defendant be sentenced to 61 months of custody, followed by three years of supervised release, a $100 special assessment on each of the four counts, and restitution of $30,079.

## I. STATEMENT OF FACTS

The Presentence Report (PSR) summarizes the offense conduct. (PSR ¶¶ 20-57.)

Starting in May 2025, the U.S. Postal Inspection Service (USPIS) began investigating a series of mail thefts from apartment and condominium buildings in the Southwest and Northwest Portland metro area. (PSR ¶ 20.) Surveillance videos showed defendant entering the lobby areas, often with a backpack and skateboard, opening the cluster mailbox units with a counterfeit key, and stealing mail. Postal Inspectors identified defendant in surveillance videos stealing mail on 15 occasions and received reports of similar mail thefts in the same area that were not captured on surveillance video. On July 8, 2025, while defendant attempted to steal mail, a member of the security staff for a condominium building confronted defendant and recovered a counterfeit arrow key and the backpack he abandoned, which contained two more suspected counterfeit arrow keys, mail belonging to two separate victims, and a flipper zero device used to access secured doors. (PSR ¶¶ 23-24.)

Defendant used some of the stolen mail to steal identities. In May 2025, a checking account was opened in the name of one victim and defendant obtained a loan for $20,000 from SoFi bank. (PSR ¶ 26.) He later applied for loans in the amounts of $60,000, $45,000, and $8,000, which were all denied by SoFi bank. (*Id.*) Defendant applied for additional loans with other financial institutions, but those institutions denied his applications. In late July 2025, Postal Inspectors identified defendant.

On September 22, 2025, Postal Inspectors executed a federal search warrant at the Louisa Apartments, which defendant had rented under the name of the victim. A tenant on the twelfth floor reported that defendant jumped onto his balcony from above and then ran through his apartment and down a stairwell. (PSR ¶ 38.) Postal Inspectors found sophisticated equipment

that defendant had been using to steal mail and generate identities and approximately 393 pieces of stolen mail, 22 identification cards, 15 gift cards, and 15 debit and credit cards. (PSR ¶¶ 39-40.) Defendant had generated fictitious identification cards using his own photographs and the names of at least nine victims. (*Id.* ¶ 42.)

Postal Inspectors arrested defendant the following day at the residence of a romantic partner. They seized and searched defendant's phones and found extensive evidence of his identity theft operation. (PSR ¶¶ 45-46.)

Postal Inspectors continued to investigate and learned that defendant had met a victim through a dating application and stolen her debit card to access her bank account. (PSR ¶¶ 43-44.)

## II. SENTENCING GUIDLINES

On March 17, 2026, defendant entered a plea agreement in which he pled guilty to the following four counts: (1) Possession of stolen mail, in violation of 18 U.S.C. § 1708; (2) Possession of counterfeit postal service arrow keys, in violation of 18 U.S.C. § 1704; (3) Bank fraud, in violation of 18 U.S.C. § 1344; and (4) Aggravated identity theft, in violation of 18 U.S.C. § 1028A. The parties agreed to the following guideline calculations:

| Description | Offense Level | Guideline Section |
|---|---|---|
| Base Offense Level | 7 | USSG § 2B1.1(a)(1) |
| Loss in excess of $200,000 | +10[1] | USSG § 2B1.1(b)(1)(F) |
| More than 10 victims | +2 | USSG § 2B1.1(b)(2)(A)(1) |

[1] The parties negotiated the plea agreement under the sentencing guidelines that applied at the time in which an intended loss in excess of $250,000 warranted a 12-level upward adjustment. ECF 26 at 4. Effective November 1, 2026, the sentencing guidelines changed to the current version used here. Defendant has received the benefit of the amendment to the sentencing guidelines, which lowered the government's sentencing recommendation by nine months.

| | | |
|---|---|---|
| Theft from a person | +2 | USSG § 2B1.1(b)(3) |
| Sophisticated means | +2 | USSG § 2B1.1(b)(10) |
| Device making equipment | +2 | USSG § 2B1.1(b)(11) |
| Acceptance of responsibility | -3 | USSG § 3E1.1 |
| Early Resolution | -3 | 18 U.S.C. § 3553(a) |
| **Total:** | **19** | |

The PSR classified defendant in criminal history category III. (PSR ¶ 99.) These calculations yield an advisory guideline range of 37 to 46 months. The conviction for aggravated identity theft imposes a sentence of 24 months that must run consecutive to the sentence imposed on the other three counts, resulting in a government recommendation of 61 months.

The government consulted with the prosecuting authorities in Hawaii and California to resolve the pending charges and probation violations pending in those jurisdictions. The parties included the following term in the plea agreement:

> If the Court imposes a total sentence of no less than 48 months, the following will occur: (1) the Office of the Prosecuting Attorney in the County of Kaua'i will dismiss with prejudice the charge filed in *State of Hawaii v. Michael John Peters*, 5CPC-24-0000212 and will withdraw its motion to revoke probation in *State of Hawaii v. Michael John Peters*, 5CPC-23-0000032; and (2) the Los Angeles County District Attorney's Office will ask to recall the warrant and terminate probation unsuccessfully in *State of California v. Michael John Peters*, Case No. YA107423.

ECF 26 at 5.

///

///

## III. THE UNITED STATES' RECOMMENDED SENTENCE AND SECTION 3553(a) ANALYSIS

The sentence recommended by the United States is laid out below, organized by the relevant sentencing factors.

### A. Nature and Circumstances of the Offense

The prolonged and extensive nature of the conduct supports the recommended sentence. It caused lasting harm to many people otherwise going about their lives. Over months defendant stole mail from dozens of mailboxes and in many cases harmed the victims a second time by creating a fictitious identity and trying to steal from financial institutions. For those victims who lost their mail, they lost access to correspondence, financial documents, and identity documents, requiring time and effort to replace those items. For those victims whose identities were stolen, they spent dozens of hours trying to unwind the damage, froze bank accounts, and suffered stress and anxiety. The plea agreement properly includes an upward adjustment for more than ten victims.

The sophisticated nature of defendant's identity fraud operation also supports the recommended sentence. Postal Inspectors recovered 3D-printed keys, keys made with resin, a check printer, an identification card or key card printer, two credit card readers, a key cutting machine, two 3D printers and associated filament, and silicone key molds. (PSR ¶ 39.) Defendant manufactured the tools he needed to carry out his crimes and then created false identity documents from the apartment he had fraudulently rented under the name of a victim. His operation was sophisticated, demonstrating extensive planning and the investment of time and money, and the plea agreement properly includes an upward adjustment for sophisticated means and possession of device making equipment to account for this conduct.

### B. History and Characteristics of the Defendant

Defendant's history and characteristics also support the recommended sentence.

While the PSR discusses defendant's account of his difficult upbringing, the "vast majority" of that information could not be verified and aspects were disputed by those contacted. (PSR ¶ 124.) The government recognizes that defendant reports a difficult upbringing and challenges and that he has battled a drug addiction, but those circumstances do not justify a total sentence below 61 months.

The undisputed evidence shows that defendant lied repeatedly when committing the offenses here. He lied about his identity in securing his apartment and in applications to financial institutions. He created false identity documents. He stole mail from dozens of people, and he stole a debit card from someone he met through a dating application.

Moreover, defendant's history is established and the two felony convictions in the three years before coming the instant offense support the sentencing recommendation. In December 2022, he was caught stealing mail from various mailboxes in Kaua'i. There were 33 separate victims in that case. He was extradited to Hawaii from California on the charges in April 2023 and received a sentence of one year in jail and was still on probation at the time he committed the offenses here. (PSR ¶ 95.)

In February 2023, following the criminal conduct in Hawaii, but before he was convicted, defendant was arrested in Hermosa Beach following a vehicle stop and found to be in possession of documentation belonging to 300 separate victims along with checkbooks belonging to various people, a printer, and a laptop. He tried to flee on foot. He was convicted in March and sentenced to 66 days in jail, and was still on probation at the time he committed the offenses here. (PSR ¶ 96.)

Finally, following his release from custody in Kaua'i, defendant was charged in Kaua'i with fraudulent use of a credit card and had a warrant out for his arrest. According to the PSR, it appears that defendant used a credit card stolen from the mail to make purchases of $735.85 at a Walmart. (PSR ¶ 104.)

**C. Need to Reflect Seriousness of the Offense, Promote Respect for the Law, Provide Just Punishment, Afford Adequate Deterrence, and Protect the Public**

A sentence of 61 months in custody is necessary to protect the public, to deter defendant specifically, and to provide just punishment. The previous three arrests and two felony convictions for similar conduct and the year in jail did not deter defendant nor did it protect the public. Defendant appears to have moved to Oregon after being arrested in Hawaii and resumed mail and identity theft. His conduct became more sophisticated and more harmful.

Six victims provided victim impact statements and excerpts of those statements are below:

- I spent dozens of hours over the course of months contacting banks, credit agencies, and other institutions to report fraudulent activity, dispute inaccurate information, and prevent additional accounts from being opened. [] This crime resulted in real and measurable harm, including substantial time, effort, and ongoing burden required to restore and protect my identity and financial standing. Victim Impact Statement 2.
- I was worried I was gonna [sic] end up losing my apartment and me and my dog were gonna [sic] have to end up on the street. I live paycheck to paycheck. Victim Impact Statement 3.

- As a result of this incident, I had to immediately freeze my bank accounts while abroad. This created serious disruption to my ability to access my own money during travel, impacting my ability to pay for expenses while I was traveling, as well as the recurring expenses I had back home, which created a lot of stress about my financial security. Victim Impact Statement 5.

(PSR ¶ 60.) The entirety of the victim impact statements will be provided to the Court in advance of the sentencing hearing.

## IV. RESTITUTION

The United States requests that the Court award restitution to the victims in the amount of $30,079. The United States will separately provide the Court with a list of victims.

## V. CONCLUSION

The United States recommends that the Court sentence defendant to 61 months of custody, three years of supervised release, a $100 special assessment on each of the four counts, and impose $30,079 in restitution.

Dated: November 4, 2026

Respectfully submitted,

SCOTT E. BRADFORD
United States Attorney

*/s/ William M. Narus*
WILLIAM M. NARUS, CASB #243633
First Assistant United States Attorney